UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ELIJAH BEN ISRAEL, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>GLENMARK CONSTRUCTION. INC., )<br>)<br>Defendant. ) | 1:06-cv-1698-DFH-TAB |

**Entry Granting Motion to Proceed *In Forma Pauperis* and
Directing Further Proceedings**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's request to proceed *in forma pauperis* is **granted.**

2. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

3. It appears that the complaint in this case asserts the same claims which were resolved on the merits in *Elijah Israel v. Glen Mark Construcition,* No. 1:05-cv-758-LJM-WTL (S.D.Ind. Aug. 8, 2006). In the earlier case, as in this case, the plaintiff claimed that he was discriminated and retaliated against on the basis of race when his employment was terminated by the defendant. There is an identity of parties and issues between the present case and those in No. 1:05-cv-758-LJM-WTL. The earlier case was resolved in this court, a court of competent jurisdiction to adjudicate claims brought pursuant to 42 U.S.C. § 1983, through the entry of summary judgment for the defendants and against the plaintiff. These features of the prior case, of which the court may take judicial notice, *In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006), establish the elements of *res judicata. Allen v. McCurry,* 449 U.S. 90, 94 (1980)(*res judicata* or claim preclusion ensures "a final judgment on the merits of an action [and] precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Montana v. United States,* 440 U.S. 147, 153 (1979)("A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.") (internal quotation omitted); *Perez v. Hendrix,* 2005 WL 1798386, *3 (E.D.N.Y. July 15, 2005)(dismissing action pursuant to § 1915A(b) where claims precluded by collateral estoppel and *res judicata*).

   4. Based on the circumstances described in paragraph 3 of this Entry, the plaintiff's **complaint is dismissed** for failure to state a claim upon which relief can be granted. He shall have **through December 18, 2006,** in which to **show cause** why final judgment dismissing this action should not be entered consistent with the foregoing.

  So ordered.

*/s/ David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:   11/30/2006

Distribution:

Elijah Ben Israel
1008 South Boots
Marion, IN 46953